MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:     2016 ME 91
Docket:       Ken-15-395
Submitted
 On Briefs:   May 26, 2016
Decided:      June 14, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

SARA J.T. BEHR

v.

MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM

PER CURIAM

[¶1]  Sara J.T. Behr appeals from a judgment entered by the Superior Court (Kennebec County, *Murphy, J.*) affirming the decision of the Maine Public Employees Retirement System (MPERS) Board of Trustees (the Board).  The Board had affirmed the decision of the executive director's designee, who had denied Behr's application for disability retirement benefits.  *See* 5 M.R.S. §§ 17451(1), 17925(4) (2015).  Because the record does not compel a finding that Behr met her burden to prove that "it is impossible to perform the duties of [her] employment position," 5 M.R.S. § 17921(1)(B) (2015), we affirm.

[¶2]  In December 2012, Behr filed an application for disability retirement benefits, *see* 5 M.R.S. § 17925 (2015), alleging that she was unable to perform her job as a policy development specialist for the Maine Department of Transportation.

2

Behr asserted that she was disabled due to Lyme disease, mononucleosis, fibromyalgia, chronic fatigue syndrome, post-traumatic stress disorder, depression, anxiety, and insomnia. On appeal, Behr only challenges the denial of benefits as to her fibromyalgia.

[¶3] We review directly the Board's decision. *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676. We will reverse a Board finding that a party failed to meet his or her burden of proof "only if the record compels a contrary conclusion to the exclusion of any other inference." *Id*. Contrary to Behr's contentions, the record does not compel a finding that Behr met her burden to prove that her fibromyalgia caused functional limitations that made it impossible for her to do her job.

[¶4] The Board adopted the Hearing Officer's recommended final decision, which found that there were "significant inconsistencies and voids in the evidence of medically-based functional limitations," especially given MPERS's evidence about Behr's behavior at work. *See* 5 M.R.S. § 17106(4)(C) (2015) (contemplating that the Board will determine what weight to give the evidence); 5 M.R.S. § 17106-A(3) (2015) (permitting hearing officers to accept, reject, or determine the weight to be given any evidence). For example, Behr's supervisor testified that he observed that Behr's mood would change depending on whether she was interacting socially with coworkers or focusing on her work.

[¶5]  In addition, the Board found that Behr's evidence regarding her alleged functional limitations was less persuasive than the medical board's reports, *see* 5 M.R.S. § 17106(3)(D) (2015), which the Board properly considered as evidence, *see Kelley*, 2009 ME 27, ¶ 25, 967 A.2d 676.  Here, the medical board twice reviewed the entire record and opined that the medical records contained no objective medical evidence of any functional limitations caused by Behr's fibromyalgia.  In its second report, the medical board noted that Behr's significant efforts in pursuing her appeal to the Board demonstrated her capacity for sedentary work.  Because the medical board's reports are a proper part of the evidentiary record, the record does not compel a contrary finding.  *See Anderson v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 134, ¶ 28, 985 A.2d 501 (holding that the record did not compel a finding that the employee had proved that her condition would be permanent when the medical board had written a report "questioning [the employee's] evidence of permanency").

[¶6]  Behr's remaining arguments on appeal do not warrant discussion.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Sara J.T. Behr, appellant pro se

Janet T. Mills, Attorney General, and Christopher L. Mann, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Maine Public Employees Retirement System

Kennebec County Superior Court docket number AP-2014-74
FOR CLERK REFERENCE ONLY